## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## ALBANY DIVISION

WAYMON WILLIAMS, an individual;

    Plaintiff,

v.

BERSA, S.A., EAGLE IMPORTS, INC., TALON DISTRIBUTING, LLC and FICTITIOUS DEFENDANT 1;

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: _____

## COMPLAINT

The Plaintiff, Waymon Williams, brings this Complaint against the Defendants, Bersa S.A., Eagle Imports, Inc., Talon Distributing, LLC and Fictitious Defendant 1 collectively, the "Defendants," and for his cause of action states the following:

## PARTIES

1.    The Plaintiff, Waymon Williams, is over the age of 21 and at all times pertinent to this Complaint and is a resident citizen of Mitchell County, Georgia.

2.    Defendant Bersa, S.A. is a firearm manufacturer from Argentina that does business in the United States exclusively through Defendants E Eagle Imports,

Inc., Talon Distributing, LLC and/or Fictitious Defendant 1.  Defendant Bersa has no known agents, facility or other presence within the United States (apart from co-Defendant Eagle Imports, Inc.).

3.      Defendant Eagle Imports, Inc. is a New Jersey corporation doing business in the state of Georgia.  Eagle Imports, Inc., was the stateside importer and representative for Defendant Bersa, S.A.

4.      Defendant Talon Distributing, LLC is a domestic limited liability company doing business in the state of Georgia.  Talon Distributing, LLC was and is the stateside importer and representative for Defendant Bersa, S.A.

5.      Fictitious Defendant 1 is an unknown importer and representative who assisted in putting the defective firearm in the stream of commerce which injured the Plaintiff, Waymon Williams.

## JURISDICTION AND VENUE

6.      This Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) in that Plaintiff and Defendants are citizens of different states and because the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

7.      Venue is proper under 28 U.S.C § 1391(b)(2). The event that caused Waymon Williams' injuries, prompting this lawsuit for which the defendants are liable.

**INTRODUCTION**

8.      Waymon Williams was seriously injured on March 31, 2022, after his semi-automatic 9mm pistol, a Bersa, S.A. BP9CC model, serial number: K93006, ("Williams' pistol"), discharged unintentionally due to a safety defect after falling and striking the ground. Williams' pistol was unreasonably dangerous and unfit for its intended use. It has a safety defect in which the trigger moves rearward when the pistol is subjected to an impact or dropped, which is referred to as a "Drop-Fire Defect" or "Safety Defect." The Drop-Fire Defect results in pistols of the type and model described here, including Williams' pistol, firing unexpectedly and against the intentions of the pistol's handler.

9.      Waymon Williams purchased the Bersa, S.A. BP9CC model pistol new from the store on October 12, 2021. Bersa, S.A. currently market and sell the subject model pistol in the United States market. (See https://www.bersa.com/products/bp9mcc).

10.     In filing this lawsuit, Waymon Williams, does not wish or intend to disparage the right to bear arms as guaranteed by the Second Amendment. Rather, he seeks to hold the Defendants and/or Fictitious Defendant accountable for their actions in designing, engineering, manufacturing, marketing, importing, distributing, selling, and/or failing to test and inspect the subject pistol, in addition

to misrepresenting facts about the safety of his pistol, which is defective and unreasonably dangerous as described in this Complaint. Instead of impinging upon the Second Amendment, this lawsuit is brought by an individual who lawfully exercised his Second Amendment right to bear arms.

11.    Waymon Williams' pistol is defective and unreasonably dangerous to any subsequent owners because the Safety Defect will not prevent—and indeed did not prevent—the unintended discharge of pistols such as Williams' pistol. This Safety Defect resulted in serious injuries to Plaintiff, due to the inadequate design, manufacturing, testing, and/or inspecting of the subject pistol, and the continued failure of Bersa, S.A. to remedy the Safety Defect.

12.    Despite actual knowledge of the Safety Defect, the Defendant Bersa, S.A. never remedied the Safety Defect and never issued an effective and complete warning to the public or recall of Williams' pistol prior to the time the Bersa, S.A. Defendant distributed it. In fact, prior to distribution of Williams' pistol, Defendant Bersa, S.A. continued to falsely represent to the public, including Waymon Williams, that the subject pistol was safe and reliable despite their knowledge of the Safety Defect and that individuals had been seriously injured as a result of the Safety Defect.

13.    Defendant Bersa, S.A. had a duty to disclose and warn Waymon Williams truthfully and accurately of the defect and not to conceal or misrepresent

4

the risks attendant with the Safety Defect. Notwithstanding this duty, and in violation thereof, Defendant Bersa, S.A. carelessly and negligently failed to disclose and warn Waymon Williams of the truth about his pistol and the Safety Defect associated with it.

14. Defendant Bersa, S.A. fraudulently concealed and intentionally failed to warn Waymon Williams of the Safety Defect with the intent to deceive Waymon Williams and the general public about the Safety Defect. Defendant falsely and fraudulently represented to Waymon Williams that the subject pistol was safe for normal and intended use when, in fact, Williams' pistol was not safe for normal and intended use.

15. Defendant Bersa, S.A. conspired among themselves and with others to conceal from the public and Waymon Williams the Safety Defect. Defendant Bersa, S.A. also conspired among themselves and with others in efforts to understate or misrepresent the nature of the risk created by the Safety Defect.

16. The Safety Defect is a latent defect, and Wiliams' pistol was defective in a way that would not be apparent to the Plaintiff and the public.

## FACTS

17. Bersa, S.A. has been producing firearms in Argentina since 1958. When Eagle Imports, LLC, Talon Distributing, LLC and/or Fictitious Defendant began distributing and selling its pistols here in the United States, it considered its

brand of firearms to be an unknown commodity in the United States. Accordingly, Defendant Bersa, S.A. began offering an Life Time Service Contract on all its pistols. That Life Time Service Contract applied to the subject pistol as well.

18.    On October 12, 2021, Waymon Williams purchased the subject Bersa BP-9 CC pistol from Center Mass Firearms, Inc., in Camilla, Georgia. Plaintiff carried the pistol for personal protection. The subject Bersa BP-9 CC pistol was kept in the holster.

19.    On March 31, 2022, Plaintiff arrived home and placed the subject pistol in a holster on the kitchen counter. The subject pistol hit the kitchen floor, it fired, and the bullet struck Plaintiff's right hand and into his abdomen.

20.    Waymon Williams was fifty-seven (57) years old at the time of the drop-fire. Because of this incident, he suffered serious, life-threatening and permanent injuries that resulted in medical treatment.

21.    Significantly, the Bersa Pistol caused permanent injuries to Plaintiff. He continues to have pain, permanent injuries and unable to work due to his injuries as a result of the incident. After months of medical treatment and physical therapy, these issues have not resolved, and they are expected to continue. Given Plaintiff's age, the permanency of his injuries is a significant non-economic category of damages that he will experience for the rest of his life.

6

## COUNT ONE
## NEGLIGENCE

22. Negligence is the failure to use reasonable care, which is the care that a reasonably careful designer, engineer, manufacturer, marketer, seller, importer, distributor, and/or supplier of firearms would use under like circumstances.

23. Negligence in the instant matter is designing, engineering, manufacturing, marketing, selling, importing, distributing, supplying, testing, and/or inspecting a firearm product in a manner that a reasonably careful designer, engineer, manufacturer, marketer, seller, importer, distributor and/or supplier would not do under like circumstances or failing to do something that a reasonably careful designer, engineer, manufacturer, marketer, seller, importer, distributor and/or supplier would do under like circumstances.

24. The Defendants failed to use the reasonable care that a reasonably careful designer, engineer, manufacturer, marketer, seller, importer, distributor, and/or supplier would have used under like circumstances.

25. The Defendants negligently breached their duties of care to the deceased in one or more of the following ways:

   a. Failing to use and apply good, safe, usual, prevailing, and reasonable principles and standards in designing, engineering, manufacturing, marketing, selling, importing, distributing, supplying, testing, and/or inspecting Williams' pistol;

7

b. Failing to take adequate corrective action or preventive action;

c. Failing to maintain proper records and data of incidents, complaints, malfunctions, inspections and testing;

d. Failing to create and provide clear operational and safety instructions, manuals, warnings, and literature;

e. Failing to warn Plaintiff and the public of the Safety Defect;

f. Failing to warn Plaintiff and the public that the Defendants did not inspect or test the pistols before the pistols were distributed;

g. Failing to warn of all the above; and

h. Other acts of negligence to be determined through discovery.

26. The Defendants' conduct as described in this Complaint was inconsistent with what a reasonably careful designer, engineer, manufacturer, marketer, seller, importer, distributor, and/or supplier of firearms would have done under like circumstances, or the Defendants failed to do what a reasonably careful designer, engineer, manufacturer, marketer, seller, importer, distributor and/or supplier would do under like circumstances.

27. The Defendants' negligence was the proximate cause of Plaintiff's severe personal injuries, pain, disfigurement, disability and loss of capacity for enjoyment of life, of the medical expenses requires for his case and treatment now and in the future; and any and all other damages allowable by law. The Defendants are liable for all injuries, damages and losses that resulted from their negligence.

8

WHEREFORE, Plaintiff demands judgment against the Defendants and/or Fictitious Defendant for any and all damages available under the law, plus costs, and demands trial by jury of all issues so triable.

## COUNT TWO
## BREACH OF EXPRESS WARRANTY

28.   A product is defective if it does not conform to representations of fact made by the Defendants, orally or in writing, in connection with the transaction on which Plaintiff, relied in the use of the product.

29.   The Defendants made specific representations of fact in writing in their Instruction Manual and "Limited Warranty," which are written documents provided with their pistols and/or which are also published on the USA public website of Defendant Eagle Imports, Inc., Talon Distributing, LLC and/or Fictitious Defendant. These documents form part of the basis of the bargain between the Defendants and Plaintiff.  These documents were specifically provided to Plaintiff.  Each of the representations of fact contained therein is a separate and independent express warranty made to the Plaintiff.

30.   The representations of fact made to the Plaintiff and set forth in the Bersa Manual include the following: (a) that "[y]our firearm has an effective, well-designed safety mechanism Moreover, the representations of fact made to Plaintiff in the "Limited Warranty" were that "[t]his Bersa firearm will be free from defects in material and workmanship."

9

31. The Defendants breached these express warranties by not providing a product to Plaintiff that conformed to these representations of fact.

32. As a proximate cause of the Defendants' breach of express warranties, Plaintiff was severely injured.

WHEREFORE, Plaintiff demands judgment against the Defendants and/or Fictitious Defendant for any and all damages available under the law, plus costs, and demands trial by jury of all issues so triable.

## COUNT THREE
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

33. A product is defective if it is not reasonably fit for either the uses intended or the uses reasonably foreseeable by the Defendants.

34. Williams' pistol was not reasonably fit for either the uses intended or the uses reasonably foreseeable by the Defendants due to the Safety Defect.

35. The Defendants were on notice of the breach of implied warranties at the time Williams' pistol was manufactured, marketed, sold, imported, distributed, and/or supplied by them. The Defendants knew, or should have known, about the Safety Defect at the time Williams' pistol was designed, engineered, manufactured, marketed, sold, imported, distributed, and/or supplied by them.

36. As a proximate result of the Defendants' breach of implied warranties of merchantability, Plaintiff was severely injured.

WHEREFORE, Plaintiff demands judgment against the Defendants and/or Fictitious Defendant for any and all damages available under the law, plus costs, and demands trial by jury of all issues so triable.

**COUNT FOUR**
**STRICT LIABILITY – MANUFACTURING DEFECT**

37.    Any marketer, seller, importer, distributor, and/or supplier in the chain of distribution is liable for injury caused by a defective product. The Defendants were the manufacturers in the chain of distribution of Williams' pistol and are, therefore, liable for the injuries caused to Plaintiff by the defective pistol.

38.    A product is defective because of a manufacturing defect if it is in a condition unreasonably dangerous to the user and the product is expected to and does reach the user without substantial change affecting that condition.

39.    A product is unreasonably dangerous because of a manufacturing defect if it is different from its intended design and fails to perform as safely as the intended design would have performed.

40.    A product is defective if unreasonably dangerous even if the Defendants have exercised all possible care in the preparation and sale of the product.

41.    Williams' pistol is defective because of the manufacturing defect (i.e., the Drop-Fire Defect) as it was different from its intended design and failed to perform as safely as the intended design would have performed.  Williams' pistol

11

was expected to and did reach Plaintiff without substantial change affecting that condition.

42.     The manufacturing defect (i.e., Drop-Fire Defect) was the proximate cause of Plaintiff's injuries.

43.     The Defendants are strictly liable for all injuries, damages, and losses that resulted from the manufacturing defect of Williams' pistol.

WHEREFORE, Plaintiff demands judgment against the Defendants and/or Fictitious Defendant for any and all damages available under the law, plus costs, and demands trial by jury of all issues so triable.

## COUNT FIVE
## STRICT LIABILITY – DESIGN DEFECT

44.     Any marketer, seller, importer, distributor, and/or supplier in the chain of distribution is liable for injury caused by a defective product. The Defendants and/or Fictitious Defendant were the designers in the chain of distribution of Williams' pistol and are, therefore, liable for the injuries caused to Plaintiff by the defective pistol.

45.     A product is defective because of a design defect if it is in a condition unreasonably dangerous to the user and the product is expected to and does reach the user without substantial change affecting that condition.

46.     A product is unreasonably dangerous because of its design if the product fails to perform as safely as an ordinary consumer would expect when used

as intended or when used in a manner reasonably foreseeable by the defendants, or alternatively, the risk of danger in the design outweighs the benefits.

47.     A product is defective if unreasonably dangerous even if the Defendants have exercised all possible care in the preparation and sale of the product.

48.     Williams' pistol is defective because of the design defect (i.e., the Drop-Fire Defect) and was in a condition unreasonably dangerous to Plaintiff. Williams' pistol was expected to and did reach him without substantial change affecting that condition.

49.     The design defect (i.e., the Drop-Fire Defect) was the proximate cause of Plaintiff's injuries.

50.     The Defendants and/or Fictitious Defendant are, therefore, strictly liable for all injuries, damages, and losses that resulted from the design defect of Williams' pistol.

WHEREFORE, Plaintiff demands judgment against the Defendants and/or Fictitious Defendant for any and all damages available under the law, plus costs, and demands trial by jury of all issues so triable.

## COUNT SIX
## STRICT LIABILITY FAILURE TO WARN

51.     A product is defective when the foreseeable risks of harm from the product could have been reduced or avoided by providing reasonable instructions or

warnings, and the failure to provide those instructions or warnings makes the product unreasonably dangerous.

52. A product is defective if unreasonably dangerous even if the Defendants and/or Fictitious Defendant have exercised all possible care in the preparation and sale of the product.

53. The foreseeable risks of harm from a drop-fire could have been reduced or avoided if the Defendants and/or Fictitious Defendant had provided reasonable instructions or warnings, and the Defendants' and/or Fictitious Defendant failure to provide these instructions or warnings renders Williams' pistol defective.

54. The Defendants and/or Fictitious Defendant had the opportunity to warn Plaintiff about the Drop-Fire Defect upon his original purchase. They failed to do so.

55. The failure to warn was the proximate cause of Plaintiff's injuries.

56. The Defendants and/or Fictitious Defendant are strictly liable for all injuries, damages, and losses that resulted from their failure to warn Plaintiff about the Drop-Fire Defect.

WHEREFORE, Plaintiff demands judgment against the Defendants and/or Fictitious Defendant for any and all damages available under the law, plus costs, and demands trial by jury of all issues so triable.

14

## COUNT SEVEN
## NEGLIGENT MISREPRESENTATION

57.     The Defendants and/or Fictitious Defendant, in the Bersa Manual for Williams's pistol, made representations of fact to the Plaintiff.  These include the following:

a. that [y]our firearm has an effective, well-designed safety mechanism;"

b. the "Bersa firearm will be free from defects in material and workmanship;"

c. that the Trigger Safety "device is designed to preclude the backward movement of the trigger bar so as to prevent an accidental discharge in case the firearm is dropped" and "[t]he system is disengaged when the trigger is pulled to the rear;"

d. "Your firearm has been carefully inspected and tested before being shipped to ensure it meets our specifications and standards."

58.     Moreover, in the Limited Warranty, the Defendants and/or Fictitious Defendant made the further representation of fact that "Bersa firearm will be free from defects in material and workmanship."

59.     These statements by the Defendants and/or Fictitious Defendant concerned material facts that they believed to be true but which were, in fact, false. The Defendants and/or Fictitious Defendant were negligent in making the statements because they should have known the statements were false, and in making the statements, they intended or expected that another would rely on the statements.

15

60.    Plaintiff justifiably relied on the false statements by purchasing, retaining, repairing, carrying, and using the subject pistol.  Thus, these statements were the proximate caused Plaintiff's injuries.

61.    The Defendants and/or Fictitious Defendant negligent misrepresentations were the proximate cause of Plaintiff's injuries.

62.    The Defendants and/or Fictitious Defendant are liable for all injuries, damages, and losses that resulted from their negligent misrepresentations.

WHEREFORE, Plaintiff demands judgment against the Defendants and/or Fictitious Defendant for any and all damages available under the law, plus costs, and demands trial by jury of all issues so triable.

## COUNT EIGHT
## VICARIOUS LIABILITY (JOINT VENTURE)

63.    At all times material to the allegations and claims in this Complaint, Defendants Eagle Imports, Inc., Talon Distributing, LLC and/or Fictitious Defendant acted as principal to Defendant Bersa, S.A., and exercised and/or retained the right to exercise extensive and continuous control over Defendants Eagle Imports, Inc., Talon Distributing, LLC and/or Fictitious Defendant.

64.    At all times material to the allegations and claims in this Complaint, Defendant Bersa, S.A. and Defendants Eagle Imports, Inc., Talon Distributing, LLC and/or Fictitious Defendant were engaged in a joint venture in the stateside importer and representative for Defendant Bersa, with a joint control or joint right of control

16

over the stateside importer and representative, a joint proprietary interest over the stateside importer and representative, a joint right to share in the profits from the stateside importer and representative, and a joint duty to share in the losses from the stateside importer and representative.

65.     As detailed in the preceding paragraphs, Defendants Eagle Imports, Inc., Talon Distributing, LLC and/or Fictitious Defendant breached its duty of care to Plaintiff in numerous ways.

66.     As a proximate result of the aforementioned acts or omissions of Defendants Eagle Imports, Inc., Talon Distributing, LLC and/or Fictitious Defendant, Plaintiff was injured.

67.     Because of its joint venture with Defendants Eagle Imports, Inc., Talon Distributing, LLC and/or Fictitious Defendant, Defendant Bersa, S.A. is vicariously liable for all injuries, damages, and losses that resulted from the aforementioned acts or omissions of Defendant Eagle Imports, Inc. and/or Fictitious Defendant.

WHEREFORE, Plaintiff demands judgment against the Defendants and/or Fictitious Defendant for any and all damages available under the law, plus costs, and demands trial by jury of all issues so triable.

**COMBINING AND CONCURRING CONDUCT**

68.     The conduct of the Defendants and/or Fictitious Defendant as described in this Complaint combined and concurred to cause Plaintiff's injuries.

17

WHEREFORE, Plaintiff demands judgment against the Defendants and/or Fictitious Defendant for any and all damages available under the law, plus costs, and demands trial by jury of all issues so triable.

## DEMAND FOR JURY TRIAL

PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.

> */s/ Richard Crowson*
> Richard Crowson (452036)
> **ISENBERG & HEWITT, PC**
> 1200 Altmore Ave., Suite 120
> Sandy Springs, GA 30342
> Telephone:  (770) 351-4400
> Email:  rick@isenberg-hewitt.com
>
> */s/  M. Todd Wheeles*
> M. Todd Wheeles (PHV to be filed)
> Matthew G. Garmon (PHV to be filed)
> **WHEELES & GARMON, LLP**
> 5000 Southlake Park, Suite 150
> Birmingham, Alabama 35244
> Telephone:  (205) 593-4934
> Email:  todd@wheelesgarmonattorneys.com