IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

WAYMON WILLIAMS,                                    :
                                                    :
    Plaintiff,                                      :
                                                    :
v.                                                  :          CASE NO.: 1:24-CV-44 (LAG)
                                                    :
BERSA, S. A., *et al.*,                             :
                                                    :
    Defendants.                                     :
                                                    :

## <u>ORDER</u>

Before the Court is Defendant Bersa, S.A.'s Motion to Dismiss for Lack of Jurisdiction (Doc. 19). For the reasons below, Defendant's Motion is **GRANTED**.

Plaintiff Waymon Williams filed this action, pursuant to the Court's diversity jurisdiction, against Defendants Bersa S.A., Eagle Imports, Inc., Talon Distributing, LLC, and Fictitious Defendant 1 on March 28, 2024. (Doc. 1); 28 U.S.C. § 1332(a). Plaintiff seeks to hold Defendants liable for the defective design of his Bersa BP9CC pistol, which contained a "Drop-Fire" safety defect that caused it to discharge when Plaintiff dropped it, resulting in severe and permanent injuries. (*Id.* ¶¶ 8–21). On April 16, 2025, Defendant Bersa S.A. filed a Motion to Dismiss for Lack of Jurisdiction (Doc. 19), asserting that there is not complete diversity of citizenship as both Defendant Talon Distributing, LLC and Plaintiff are citizens of Georgia. (Doc. 19 at 1–5; Doc. 19-1 at 1, 3–4; Doc. 1 ¶ 1). Plaintiff responded on April 28, 2025, conceding the lack of complete diversity between the parties and, thus, a lack of subject matter jurisdiction. (Doc. 21 at 1–3). Defendant replied on May 8, 2025. (Doc. 22). The Motion is now ripe for review. *See* M.D. Ga. L.R. 7.3.1(a).

A court may not proceed with deciding the merits of a case until it first determines that it has subject matter jurisdiction. *Belleri v. United States*, 712 F.3d 543, 547 (11th Cir. 2013) ("We may not consider the merits . . . unless and until we are assured of our subject matter jurisdiction."). "A district court can hear a case only if it has 'at least one of three

types of subject matter jurisdiction: (1) jurisdiction under specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).'" *Thermoset Corp. v. Bldg. Materials Corp of Am.*, 849 F.3d 1313, 1317 (11th Cir. 2017) (citing *PTA–FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1305 (11th Cir. 2016)). "Diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds . . . $75,000." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001) (citing 28 U.S.C. § 1332(a)). For purposes of diversity jurisdiction, the citizenship of a limited liability company ("LLC") is based on the citizenship of each of its members. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (per curium). "If the court finds that it does not have subject matter jurisdiction, 'the court's sole remaining act is to dismiss the case for lack of jurisdiction.'" *Guevara v. Republic of Peru*, 468 F.3d 1289, 1305 (11th Cir. 2006) (quoting *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000)).

The Parties agree that, because Plaintiff is a citizen of Georgia and Defendant Talon Distributing, LLC is a Georgia corporation with members in Georgia, complete diversity does not exist.[1] (Doc. 1 ¶ 1; Doc. 19 at 1–5; Doc. 19-1 at 1, 3–4; Doc. 21 at 1–3). Accordingly, the Motion to Dismiss for Lack of Jurisdiction (Doc. 19) is **GRANTED**. This case is **DISMISSED without prejudice**.[2]

**SO ORDERED**, this 26th day of February, 2026.

---

[1] Defendant Bersa S.A. attached to its Motion the Declaration of Bert Brown which states not only that Defendant Talon Distributing, LLC is a limited liability company organized in Georgia but that Bert Brown and his wife, Kristina Brown, are both members of Defendant Talon Distributing, LLC, and are "both residents, domiciliaries, and citizens of the State of Georgia and have been citizens of Georgia at times since [Defendant Talon Distributing, LLC] was organized." (Doc. 19-1 at 1). The exhibit also contains a "Certificate of Organization" from the Secretary of State and the Corporation Commissioner of the State of Georgia stating that Defendant Talon Distributing, LLC was "duly organized under the laws of the State of Georgia[.]" (*Id.* at 3).

[2] Plaintiff argues that despite the Court's lack of jurisdiction, the Court should specify in its order dismissing this case that Plaintiff has a right to renew this suit in state court pursuant to O.C.G.A. § 9-2-61. (Doc. 21 at 1–3). As stated above, however, "[i]f the court finds that it does not have subject matter jurisdiction, 'the court's *sole* remaining act is to dismiss the case for lack of jurisdiction.'" *Guevara v. Republic of Peru*, 468 F.3d 1289, 1305 (11th Cir. 2006) (quoting *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000)) (emphasis added).

2

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**